USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/28/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
 :
DISTRICT COUNCIL NO. 9 INTERNATIONAL :
UNION OF PAINTERS AND ALLIED TRADES, :
A.F.L.-C.I.O. :    1:23-cv-9537-GHW
                                              Petitioner, :
 :    MEMORANDUM OPINION
                 -against- :    AND ORDER
 :
CITY NEWARK GLASS CO., :
 :
                                              Respondent. :
 :
-------------------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

The District Council No. 9 International Union of Painters and Allied Trades, A.F.L-CIO (the "Union") seeks to confirm an arbitration award obtained against City Newark Glass Co. ("Newark Glass"), pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. For the following reasons, the award is confirmed.

**I.    BACKGROUND**

Newark Glass is a glass design, fabrication, and installation company that is a member of the Window and Plate Glass Dealers Association (the "Glazier Association"). Dkt. No. 3-1. Newark Glass is a party to the Garden State Council collective bargaining agreement (the "Garden State Agreement"). Dkt. No. 10 ("Drew Decl.") ¶ 5. The Garden State Agreement incorporates the terms of a previous memorandum of understanding between the Union and the Glazier Association. *Id.*; *see* Dkt. No. 3-3 (the "MOA"). The MOA, in turn, incorporates the terms of another collective bargaining agreement between those parties. Drew Decl. ¶ 5; MOA Statement of Intent; *see also* Dkt. No. 3-4 (the "Trade Agreement") (together with the Garden State Agreement and the MOA, the "Governing Agreements").

On March 17, 2023, Stephen Bermingham, a Union representative, visited a job site that

Newark Glass had not registered with the Union. Dkt. No. 3-1 ("JTC Decision") at 3. There, he observed non-union workers performing work that the MOA reserved for Union labor. *Id.* In response, the Union served Newark Glass with a demand to arbitrate on April 18, 2023. *Id.* at 2. It charged Newark Glass with violating Art. 18 § 11, Violations 9 and 11 of the MOA by failing to register a job and to pay wages and benefits to the Union for work subject to the MOA. *Id.* The Union also notified Newark Glass of an arbitration hearing. *Id.* On June 1, 2023, a Joint Trade Committee ("JTC")[1], comprised of a Union representative, a Glazier Association representative, and an attorney conducted an arbitration hearing. *Id.* at 2–3. Pursuant to the MOA, the JTC is "empowered to hear and decide in arbitration . . . all grievances and disputes which arise between the parties as to the interpretation and application of this Agreement and to make such awards or assess remedies, damages and penalties for violation of this Agreement." MOA Art. 18. Mr. Bermingham appeared at the hearing for the Union. JTC Decision at 3. Newark Glass did not appear. *Id.*

The JTC heard evidence from Mr. Bermingham about the alleged violations. *Id.* After deliberating, it found Newark Glass liable for both of the charged violations. *Id.* It imposed penalties in the following amounts: (1) $1,500.00 for failure to submit wages and benefits; (2) $4,000.00 in liquidated damages; and (3) one day's pay in the amount of $325.85 in wages and $374.29 in benefits as a fine. *Id.*

On October 31, 2023, Petitioner commenced this confirmation action, asserting that Newark Glass had not paid the arbitration award. Dkt. Nos. 1–5. On November 2, 2023, the Court ordered Petitioner to serve its petition, summons, Rule 56.1 statement, and supporting documents on Respondent. Dkt. No. 7. The Court also ordered Respondent to file its opposition, if any, by January 2, 2024. *Id.* Despite being timely served with the petition and summons, Petitioner's

---

[1] The MOA refers to this committee as a "Joint Trade Board." *See* MOA Art. 18.

2

motion for summary judgment, and the Court's order establishing a deadline for opposing that motion, Respondent has not appeared in this action.

## II.   DISCUSSION

### A.   Arbitration Award

"Section 301 of the [LMRA], 29 U.S.C. § 185, provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards." *Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998).  "Confirmation of a labor arbitration award under LMRA § 301 is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *N.Y. Med. Ctr. of Queens v. 1199 SEIU United Healthcare Workers East*, No. 11-cv-04421 (ENV)(RLM), 2012 WL 2179118, at *4 (E.D.N.Y. June 13, 2012) (internal quotation marks omitted).

A court's review of a final arbitration award under the LMRA is "very limited."  *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *Major League Baseball Players Ass'n v. Garvey*, 532 U.S. 504, 509 (2001)).  Courts are "not authorized to review the arbitrator's decision on the merits . . . but inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement."  *Id.*  It is not the Court's role to "decide how [it] would have conducted the arbitration proceedings, or how [it] would have resolved the dispute."  *Id.* at 537.  Instead, the Court's task is "simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'"  *Id.*  (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)); *see also Local 97, Int'l Bhd. of Elect. Workers v. Niagara Mohawk Power Corp.*, 196 F.3d 117, 124 (2d Cir. 1999) ("Because [t]he federal policy of settling labor disputes by arbitration would be undermined if courts had the final say on the merits of [arbitration] awards, an arbitrator's award resolving a labor dispute is legitimate and enforceable as long as it

3

draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." (citation and internal quotation marks omitted)); *Harry Hoffman Printing, Inc. v. Graphic Commc'ns Int'l Union, Local 261*, 950 F.2d 95, 97 (2d Cir. 1991) ("[A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision." (internal quotation marks omitted)). "Generally speaking, unless the award is procured through fraud or dishonesty, the decision should not be disturbed." *Niagara Mohawk*, 196 F.3d at 124.

When a petition to confirm an arbitration award is unopposed, courts should generally treat "the petition and accompanying record . . . as akin to a motion for summary judgment." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006). Thus, like unopposed summary judgment motions, unopposed confirmation petitions "must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law." *Id.* at 110 (internal quotation marks omitted).

Here, there is no indication that the arbitration award was procured through fraud or dishonesty or that the arbitral panel was acting in disregard of the Governing Agreements or outside the scope of its broad authority to resolve "all grievances and disputes which arise between the parties as to the interpretation and application" of the MOA. MOA Art. 18. Rather, the record indicates that the arbitral panel based its award on undisputed evidence that Newark Glass failed to register the job site and used non-Union workers in violation of the MOA. Accordingly, the court finds no reason why the arbitration award should not be confirmed.

### B. Attorneys' Fees and Costs

Petitioner also requests attorneys' fees and costs arising from this confirmation action. *See* Dkt. No. 13 ("Kugielska Aff."). Generally, "in a federal action, attorney's fees cannot be recovered

by the successful party in the absence of statutory authority for the award." *Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985).  Section 301 of the LMRA does not provide for the recovery of attorneys' fees.  *Id.*  However, "[p]ursuant to its inherent equitable powers . . . a court may award attorney's fees when the opposing counsel acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Id.* (quoting *F.D. Rich Co. v. United States ex rel. Indus. Lumber Co.*, 417 U.S. 116, 129 (1974)).  In the context of confirmation proceedings, "the guiding principle has been stated as follows:  when a challenger refuses to abide by an arbitrator's decision without justification, attorney's fees and costs may properly be awarded." *Id.* (quoting *Bell Prod. Eng'rs Ass'n v. Bell Helicopter Textron, Div. of Textron, Inc.*, 688 F.2d 997, 999 (2d Cir. 1982)); *see also Commodities & Minerals Enter. v. CVG Ferrominera Orinoco, C.A.*, 49 F.4th 802, 819–20 (2d Cir. 2022) (same).

  Here, an award of fees and costs is justified.  When Newark Glass entered into the Garden State Agreement, it agreed to submit to arbitration of disputes pursuant to Garden State Agreement and the agreements incorporated therein.  Newark Glass failed to participate in the arbitration proceeding, despite having been duly notified of the hearing.  Following the arbitral panel's decision that Newark Glass violated the MOA, it failed to satisfy any portion of the award and has subsequently failed to oppose this petition to confirm the award.  In so doing, Respondent has failed to offer any justification for its refusal to abide by the decision of the arbitral panel.  Newark Glass's "refusal to comply with the arbitration award is therefore clearly without justification." *New York City Dist. Council of Carpenters Pension Fund v. E. Millenium Const., Inc.*, No. 03 CIV. 5122(DAB), 2003 WL 22773355, at *3 (S.D.N.Y. Nov. 21, 2003) (holding that when a respondent chooses not "[to] participate in the arbitration proceedings or even to oppose [the petitioner's] application for confirmation of the arbitration award" there is clearly no justification); *New York City Dist. Council of Carpenters v. Metro Furniture Servs. LLC*, No. 11-cv-7074 (HB), 2012 WL 4492384, at *4 (S.D.N.Y.

5

Sept. 28, 2012) (awarding attorneys' fees and finding that respondent's "inaction in the arbitration hearings and in the present action . . . constitutes bad faith").

Accordingly, the Court finds that Petitioner is entitled to reasonable attorney's fees and costs, and that an award of attorneys' fees will further the federal policy in favor of settling labor disputes by arbitration. *See Niagara Mohawk Power Corp.*, 196 F.3d at 124. To calculate reasonable attorneys' fees, "district courts use the lodestar method—hours reasonably expended multiplied by a reasonable hourly rate." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006). "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)). "[I]t is within the Court's discretion to reduce the requested rate" when the Court finds the rate unreasonable in the relevant market. *Trs. of Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Stevenson Contracting Corp.*, No. 05 Civ. 5546 (GBD)(DF), 2008 WL 3155122, at *9 (S.D.N.Y. June 19, 2008), *report and recommendation adopted*, No. 05-cv-5546 (GBD)(DF), 2008 WL 2940517 (S.D.N.Y. July 29, 2008) (citing *Savino v. Comput. Credit, Inc.*, 164 F.3d 81, 87 (2d Cir. 1998). To assist the Court in determining the appropriate award, "[a]pplications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983)). "Hours that are 'excessive, redundant, or otherwise unnecessary,' are to be excluded" from the calculation of a reasonable fee. *Id.* (quoting *Hensley*, 461 U.S. at 434).

Petitioner's fees and cost request is reasonable. Petitioner requests $3,600.00 in attorneys' fees and $587.00 in costs. Kugielska Aff. ¶¶ 4–5. Petitioner submitted documentation of the specific tasks performed and the number of hours worked in total (12.00), at an hourly rate of

6

$300.00. Dkt. No. 13-1. These are satisfactory records of the attorney's efforts and sufficiently set forth the specific fees and costs incurred in obtaining confirmation of the award. The Court also concludes that 12 hours is a reasonable number of hours worked given the description of the tasks performed, and that $300.00 is an appropriate hourly rate for the experienced attorney who performed this work. *See Bennett v. Asset Recovery Sols., LLC*, No. 14-CV-4433 (DRH) (SIL), 2017 WL 432892, at *7 (E.D.N.Y. Jan. 5, 2017) (finding that courts "regularly approve hourly rates ranging from $200 to $450 per hour for partners and $100 to $300 per hour for associates"); Kugielska Aff. ¶ 5 (affirming that the attorney who performed the work has 20 years of experience). Accordingly, the requested award of $4,187.00 in attorney's fees and costs is appropriate.

## III. CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to enter judgment in favor of Petitioner and against Respondent in the amount of $6,200.14; plus $4,187.00 in attorneys' fees. Post-judgment interest will accrue pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to close this case.

SO ORDERED.

Dated: May 28, 2024  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge